## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2019, 6:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief
Criminal Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Benjamin M. Daniels,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 20, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1534<br><br>Appeal from the Henry Circuit Court<br><br>The Honorable Kit C. Dean Crane, Judge<br><br>Trial Court Cause No.<br>33C02-1704-F6-177 |

**Najam, Judge.**

# Statement of the Case

[1] Benjamin M. Daniels appeals his sentence following his convictions for two counts of battery against a public safety official, as Level 6 felonies. Daniels raises one issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

# Facts and Procedural History

[2] In early 2017, Daniels was an inmate in the Henry County Jail. On January 17, Henry County Jail Correctional Officer Jeremy Brown entered Daniels' cell block to speak with the assistant jail commander. While Officer Brown was talking with the assistant commander, Daniels, who was in the common area of the cell block, reached his arms through the bars and "grabbed at" Officer Brown. Tr. Vol. II at 25. Officer Brown asked Daniels to stop, but Daniel repeatedly grabbed at Officer Brown. Daniels also threatened to "stomp" Officer Brown's "brains out." *Id*. at 74. Officer Brown then told Daniels to return to his individual cell. Daniels refused and, instead, argued with Officer Brown.

[3] At that point, Officer Brown entered the common area and again ordered Daniels to his cell. When Daniels did not comply, Officer Brown placed his hand on Daniels' shoulder in order to direct Daniels toward his cell. Daniels then pulled away and struck Officer Brown in the face. Officer Brown responded "in kind," and the two started "wrestling around." *Id*. at 87. Other officers responded to assist Officer Brown. While the officers were attempting

to subdue Daniels, Daniels bit Officer Brown on his left arm. The officers were eventually able to secure Daniels and place him in a holding cell. As a result of the altercation, Officer Brown's shirt was bloodstained, and he was taken to the hospital, where he received x-rays and a tetanus shot.

[4] Thereafter, on February 19, Henry County Jail Correctional Officer Amanda Thackery and another officer responded to Daniels' cell block after they were informed that a blanket was covering one of the security cameras. When the two officers arrived, Officer Thackery noticed "a mess of wires" on a table inside the cell block. *Id*. at 102. Because Officer Thackery believed that the wires were "some type of . . . tattooing device" that the inmates were not allowed to possess, Officer Thackery entered the cell block and removed the wires from the table. *Id*. At that point, Daniels grabbed the wires from Officer Thackery's hand and "wrapped" them around her wrists. *Id*. at 103. Officer Thackery told Daniels to stop "multiple times," but Daniels did not stop. Instead, he "[t]ightened" the wires around Officer Thackery's wrists and "lift[ed]" her off the ground with the wires. *Id*. Daniels then started "physically fighting" with Officer Thackery. *Id*. at 72. He "was pretty much tossing her around, due to her small size." *Id*. Ultimately, the other officer was able to pull Daniels away from Officer Thackery. As a result of the altercation, Officer Thackery sustained a cut on her finger and some redness on her wrists from the wires.

[5] The State charged Daniels with two counts of battery against a public safety official, as Level 6 felonies. At the conclusion of a jury trial on May 3, 2019,

the jury found Daniels guilty as charged. The court entered judgment of conviction accordingly and sentenced Daniels to two years for each count. The court then ordered those sentences to be served consecutively, for an aggregate sentence of four years executed in the Department of Correction. This appeal ensued.

## Discussion and Decision

Daniels contends that his sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." This court has recently held that "[t]he advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017). And the Indiana Supreme Court has recently explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.), as amended (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[7]     Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[8]     The sentencing range for a Level 6 felony is six months to two and one-half years, with an advisory sentence of one year. *See* Ind. Code § 35-50-2-7 (2019). Here, the trial court identified as an aggravating factor Daniels' criminal history. And the court did not identify any mitigators. Accordingly, the court sentenced Daniels to two years executed in the Department of Correction on each count and ordered the sentences to run consecutively, for an aggregate sentence of four years.

[9]     On appeal, Daniels asserts that his sentence is inappropriate in light of the nature of the offenses because "there was nothing particularly remarkable about either incident[.]" Appellant's Br. at 7. And Daniels contends that his sentence

is inappropriate in light of his character because he "suffered a traumatic childhood" and because he "had taken advantage of rehabilitation programs" in the Department of Correction. *Id*. at 8.

[10] However, Daniels has not met his burden on appeal to demonstrate that his sentence is inappropriate. With respect to the nature of the first offense, Daniels threatened and repeatedly grabbed at Officer Brown. Then, when Officer Brown attempted to get Daniels to return to his cell, Daniels struck Officer Brown in the face. Daniels then starting "wrestling around" with Officer Brown. Tr. Vol. II at 87. And Daniels bit Officer Brown on the arm when officers attempted to subdue him. As a result of the altercation, Officer Brown had to seek treatment at the hospital. And with respect to the nature of the second offense, Daniels wrapped wires around Officer Thackery's wrists when she attempted to remove the contraband from the common area. When Officer Thacker asked Daniels to stop, he instead tightened the wires around her wrists, picked her up using the wires, and started "tossing her around." *Id*. at 72. In essence, Daniels twice battered jail officers who were attempting to perform their duties. Accordingly, we cannot say that Daniels' sentence is inappropriate in light of the nature of the offenses.

[11] As to his character, Daniels has a lengthy criminal history that includes three juvenile delinquency adjudications, five felony convictions, and two misdemeanor convictions. Moreover, Daniels has been given numerous opportunities to avoid incarceration in the past through alternative sentences, but he continues to commit crimes. Further, Daniels was being held in jail for

other drug-related charges at the time he committed the instant offenses, which reflects poorly on his character. We therefore cannot say that Daniels' sentence is inappropriate in light of his character. We affirm Daniels' sentence.

[12] Affirmed.

Bailey, J., and May, J., concur.